**Lesley and Evelyn GANNON, Plaintiffs,**

v.

**PARMECO, INC., et al., Defendants.**

**No. C–1–86–1125.**

United States District Court,
S.D. Ohio, W.D.

Aug. 9, 1988.

Randall L. Lambert, Ironton, Ohio, John K. Issenmann, Cincinnati, Ohio, for plaintiffs.

Edward J. Utz, Cincinnati, Ohio, for defendants.

**ORDER**

HERMAN J. WEBER, District Judge.

This matter is before the Court pursuant to the Motion for Summary Judgment filed on behalf of defendant Becker Orthopedic Appliance Company (doc. no. 26) and the memoranda provided by both parties (doc. nos. 30 and 31).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). The evidence presented on a motion for summary judgment is construed in favor of the party opposing the motion who is given the benefit of all favorable inferences that can be drawn therefrom. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986) (original emphasis).

Although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979), the United States Supreme Court has recently stated that the summary judgment procedure "is properly regarded not as a disfavored procedural shortcut but rather than as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

■ According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id.* at 106 S.Ct. at 2553, *Anderson*, 106 S.Ct. at 2511.

The Court finds the following to be the facts material to the resolution of the issue presented; a review of the record and of the arguments advanced by both parties indicate that these facts are not in dispute:

The brace which injured Mr. Gannon broke on October 14, 1984. Mr. and Mrs. Gannon filed their Complaint in the Lawrence County Common Pleas Court on October 11, 1986. The caption of the Complaint does not name any "John Doe" defendants but the sixth cause of action avers that a John Doe corporation participated in the design, manufacture or sale of the product and is equally responsible with the defendant, Parmeco, Inc.

On November 3, 1986, Parmeco removed the case to this Court. On July 20, 1987, plaintiffs took the deposition of George Parsley, President of Parmeco. On October 2, 1987, plaintiffs filed a Motion for Leave to Amend the Complaint. An Entry was journalized authorizing plaintiffs to amend their Complaint by adding a party defendant on June 22, 1987. On November 25, 1987, plaintiffs filed a Motion for Authority to Substitute Becker Orthopedic Appliance Co. ("Becker") in place of the original defendant, John Doe. On December 1, 1987, plaintiffs mailed to Becker copies of the following: a) a notice of proof of service, b) a copy of the Complaint, c) a copy of a Motion for Authority to Substitute Parties filed on November 25, 1987, d) a Notice of Substitution of Parties, and e) an entry ordering that plaintiffs be granted authority to substitute party defendants by substituting Becker for John Doe. On December 3, 1987, Becker received the materials directed to it by plaintiffs and Becker received its very first notice of plaintiff's claimed accident and the pendency of the within action.

On February 18, 1988, Becker filed its answer asserting as a third defense the statute of limitations and as the fourth defense that it has not been properly nor timely brought before this Court as a party. There is no assertion that Becker has been prejudiced in any way by the delay in notice to it of plaintiffs' claim. Becker moves this Court for summary judgment on the basis of *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), which sets forth a four-prong test spelling out the requirements for the right of a plaintiff to relate back pursuant to Fed.R.Civ.P. 15(c).

The Supreme Court instructs that "[r]elation back is dependent upon four factors, all of which must be satisfied: 1) the basic claim must have arisen out of the conduct set forth in the original pleading; 2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; 3) that party must or should have known that but for a mistake concerning identity, the action would have been brought against it; and 4) the second and third requirements must have been fulfilled within the prescribed limitation period." The prescribed limitation period is two years in the instance at bar. Ohio Rev.Code § 2305.10.

■ Applying the four-prong test of *Schiavone*, it is clear that Becker received no notice of plaintiffs' claim within the prescribed limitation period and that Becker did not know, and from the record available to us had no reason to know, that but for a mistake concerning identity, the action would have been brought against it within the prescribed limitation period.

Plaintiffs counter with the suggestion that the defendant named in plaintiffs' Complaint, Parmeco, Inc., identified the manufacturer of the brace as being the Florida Brace Co. and that the Becker Orthopedic Appliance Co. failed to fix any sign or symbol associating itself with the product it manufactured. This Court finds that while these arguments may give rise to some claim against Parmeco, Inc. for intentionally misleading plaintiffs, this Court can find no compelling reason to distinguish this situation from that in the *Schiavone* case.

In conclusion, the Court finds that the instructions contained in *Schiavone* apply to this case and as a result, this Court must find that plaintiffs have failed to comply with Fed.R.Civ.P. 15(c). Therefore, the Motion for Summary Judgment filed on behalf of Becker Orthopedic Co. is GRANTED.

IT IS SO ORDERED.